IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA TOMLIN,

    Plaintiff,

    v.                                           Civ. No. 17-1084 WJ/GBW

DENISE SANCHEZ, *et al.*,

    Defendant.

## ORDER DENYING EXCUSAL OF INITIAL PARTIAL PAYMENT

This matter comes before the Court on a letter from Plaintiff. *Doc. 7*. Plaintiff's letter asks the Court to excuse submission of the $24.15 initial partial payment assessed by the Court in its December 6, 2017 Order Granting Leave To Proceed Pursuant to 28 U.S.C. § 1915(b). *Id.; see doc. 6*. For the reasons explained below, the Court DENIES Plaintiff's request to excuse the initial partial payment.

On November 30, 2017, Plaintiff submitted a Financial Certificate and a Resident Account Summary, which reflected that during the past four months of her incarceration, she received average monthly deposits in her inmate account in the amount of $120.74. *Doc. 5*. Based on this financial information, the Court granted Plaintiff's Application To Proceed In District Court Without Prepaying Fees or Costs, *doc. 2*, and ordered Plaintiff to submit an initial partial payment in the amount of $24.15. *Doc. 6*. *See* 28 U.S.C. § 1915(b)(1)(A) ("The Court shall assess and, when funds exist,

collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of . . . the average monthly deposits in the prisoner's account").

The fee provisions of 28 U.S.C. § 1915 "are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (internal quotations and citation omitted). Indeed, the statute is "designed to require the prisoner to bear some marginal cost for each legal activity." *Id.* (internal quotations and citation omitted). Notably, Plaintiff does not contend that she lacks sufficient available funds to pay the initial partial payment. Rather, she states that she needs her available funds to purchase hygiene products and medication from the prison commissary. *Doc. 7*. However, requiring an indigent prisoner to choose between the purchase of items from the prison commissary and the pursuit of a civil action:

> does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state . . . . If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor.

*Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997) (internal quotations omitted). Therefore, the Court will not excuse the initial partial payment so that Plaintiff may purchase items at the prison commissary.

2

Plaintiff also asks the Court to excuse the initial partial payment because the income in her inmate account was deposited by a "sympathetic donor." *Doc. 7*. The Tenth Circuit has held that the calculation of the initial partial payment must be based on "all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." *Cosby*, 351 F.3d at 1326. Therefore, the Court DENIES Plaintiff's request to excuse the initial partial payment.[1]

It is further ORDERED that Plaintiff must submit the initial partial payment of $24.15, or show cause why the payment should be excused, within thirty (30) days of the date of entry of this order. Failure to comply may result in the dismissal of Plaintiff's civil rights complaint without prejudice without further notice. *See id.* at 1326 ("[I]f a court order requires partial payments, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order. *See* Fed. R. Civ. P. 41(b).").

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's letter asks the Court to excuse "the partial payments of [$]24.15 and $120.74." *Doc. 7*. However, the Court has not ordered a payment of $120.74. Rather, that amount reflects the average monthly deposits in her inmate account for the six-month period preceding the filing of her Complaint. *See doc. 6* at 2. Plaintiff is not required to pay that amount. Instead, Plaintiff is required to submit an initial partial payment of $24.15, followed by monthly payments of twenty percent (20%) of the preceding month's income credited to her account, until she has paid the entire $350 filing fee.