# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MELISSA TOMLIN,

    Plaintiff,

    v.                                                                            No. 17-CV-01084-WJ-GBW

DENISE SANCHEZ, R. DELGADO,
KERRY KENDO, FNU OLIVAS,
BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CLAIMS WITHOUT PREJUDICE

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Melissa Tomlin's Prisoner's Civil Rights Complaint, filed on November 1, 2017 (Doc. 1, hereinafter referred to as "the complaint."). Plaintiff was incarcerated at the time of filing, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Bernalillo County Metropolitan Detention Center will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) and the Clerk of Court will be directed to mail notice and waiver of service forms to the individual defendants.

The complaint alleges the following facts. On April 6, 2016 Plaintiff, who was incarcerated at the Bernalillo County Metropolitan Detention Center, was accused of acting suspicious during a routine pregnancy test. [Doc. 1 at 2] Plaintiff was instructed to walk to the showers for a strip search. [*Id.* at 3] Defendants Sanchez, Delgado, Kendo, and Olivas violently

handcuffed Plaintiff and pushed her forward until she tripped and fell over her uniform. [*Id.* at 5] Defendants then "began to walk on top of" Plaintiff and "tazed [her] until [she] bled." [*Id.* at 5] Plaintiff alleges that Defendants' "rough" treatment disturbed her hip dysplasia, violated her constitutional rights under 42 U.S.C. § 1983 and violated the New Mexico Tort Claims Act. [*Id.* at2, 4] The complaint seeks compensatory damages in the amount of $60,000. [*Id.* at 7]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the

same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Although municipalities and local governments are "persons" subject to suit under § 1983, *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 690 (1978), "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010) (unpublished). Defendant Bernalillo County Metropolitan Detention Center is a governmental sub-unit and, therefore, it is not a person or legally created entity capable of being sued under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"). Accordingly, Plaintiff's §1983 claims against Defendant Bernalillo County Metropolitan Detention Center will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

The Court determines that Plaintiff's complaint states a plausible claim for relief against the individual defendants for the excessive use of force in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution. Therefore, the Clerk of Court will be directed to mail notice and waiver of service forms, along with a copy of Plaintiff's complaint and this Memorandum Opinion and Order, to the individual defendants pursuant to Rule 4(d) of the Rules of Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's § 1983 claims against Defendant

Bernalillo County Metropolitan Detention Center are DISMISSED without prejudice for failure to state a claim on which relief may be granted;

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail notice and waiver of service forms, along with a copy of the complaint (Doc. 1) and this Memorandum Opinion and Order, to Defendants Sanchez, Delgado, Kendo and Olivas at the Bernalillo County Metropolitan Detention Center, 100 Deputy Dean Miera Dr. SW, Albuquerque, NM 87151.

_____
CHIEF UNITED STATES DISTRICT JUDGE