# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MELISSA TOMLIN,

    Plaintiff,

v.                                                                Civ. No. 17-1084 WJ/GBW

DENISE SANCHEZ, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment on the Basis of Failure to Exhaust Administrative Remedies, Qualified Immunity and Other Grounds. *Doc. 38*. Having reviewed the Motion and relevant case law, as well as Defendants' *Martinez* Report (*doc. 37*), I find that Plaintiff has failed to exhaust her administrative remedies and, in the alternative, that Defendants are entitled to summary judgment based on qualified immunity. I therefore RECOMMEND that the Court GRANT Defendants' Motion.

### I. BACKGROUND

This case arises from an incident that took place on April 7, 2016, while Plaintiff was in custody at Bernalillo County Metropolitan Detention Center (hereinafter, "MDC"). *See doc. 1* at 2. Defendants were MDC employees at the time of the incident. *See doc. 37* at 3. On the date in question, a struggle erupted while Plaintiff was being

escorted for a search, and MDC employees deployed a taser against Plaintiff and placed her in handcuffs. *Doc. 38* at 8–9. Plaintiff now alleges a violation of her constitutional rights. *See doc. 1*; *doc. 11* at 3.

Plaintiff filed her Prisoner's Civil Rights Complaint in this Court on November 11, 2017, alleging claims pursuant to 42 U.S.C. § 1983. *Doc. 1*. She was incarcerated at the time of filing. *See id*. The Court, in a May 21, 2018 Memorandum Opinion and Order, dismissed all claims against MDC as a non-suable government sub-unit. *Doc. 11* at 3. However, it found that Plaintiff had alleged plausible claims of excessive force in violation of her Eighth and Fourteenth Amendment rights against the remaining defendants. *Id*.

On September 17, 2018, in light of Plaintiff's *pro se* prisoner status, the Court ordered Defendants to produce a *Martinez* Report detailing their independent investigation of the incident underlying Plaintiff's suit. *See doc. 31* (citing *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978)). Plaintiff was ordered to respond to both Defendants' *Martinez* Report and any accompanying summary judgment motion within thirty days of their filing. *Id*. at 3–4. Defendants timely produced the *Martinez* Report (*doc. 37*) and concurrently moved for summary judgment (*doc. 38*) on November 16, 2018. Plaintiff has not responded to either filing. *See doc. 40*.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] 'that there is an absence of evidence to support the nonmoving party's case.'" *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are…genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324.

Where, as here, a party is proceeding *pro se*, the court is to liberally construe her pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Therefore,

> although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' [internal citation omitted], the court cannot take the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

*Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).

### III. UNDISPUTED FACTS

Defendants, in their Motion for Summary Judgment, set forth a numbered list of "Undisputed Material Facts." *Doc. 38* at 4–15. Plaintiff did not file a response, and her time for doing so has now expired. According to the Local Rules on summary judgment:

> The Memorandum [in support of the motion for summary judgment] must set out a concise statement of all the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.
>
> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. […] *All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted*.

D.N.M.LR-Civ. 56.1(b) (emphasis added). "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). "Because a failure to respond means the facts are considered undisputed, '[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion.'" *Wilson v. Village of Los Lunas*, 572 F. App'x 635, 640 (10th Cir. 2014) (unpublished) (quoting *Reed*, 312 F.3d at 1195).

4

Of course, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed*, 312 F.3d at 1195; *see also Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citing *Reed* at 1194–95). Summary judgment is the proper remedy only where the uncontroverted facts "entitle the moving party to judgment as a matter of law." *Reed*, 312 F.3d at 1195.

Accordingly, the undersigned finds undisputed all facts recited by Defendants in their Motion for Summary Judgment, and incorporates them herein. The facts relevant to determination of Defendants' Motion are as follows:

1. Plaintiff was detained at MDC on April 7, 2016, having been arrested on charges of failure to appear in court, battery on a police officer, assault on a healthcare worker, and resisting/obstructing an officer. *Doc. 38* at 4; *doc. 37-2* at 1, Ex. AA.

2. On April 7, 2016, Plaintiff was being escorted to the shower area for a strip search after engaging in suspicious behavior during a routine pregnancy test. *Doc. 38* at 5–6; *doc. 37-35*, Ex. GG.

3. Plaintiff became aggressive and managed to escape her escort, attempting to punch Defendant Sanchez. *Doc. 38* at 8; *doc. 37-35* at 3, Ex. GG; *doc. 37-36* at 2, Ex. HH.

4. Defendant Sanchez deployed her taser to Plaintiff's body twice, as Plaintiff remained combative after the first taser deployment. *Doc. 38* at 9; *doc. 37-35* at

3, Ex. GG; *doc. 37-36* at 2, Ex. HH. Plaintiff fell to the floor and was placed in handcuffs. *Id*.

5. Plaintiff did not at any time file a grievance with MDC relating to the incident on April 7, 2016. *Doc. 38* at 14; *doc. 37-38* at 1, Ex. JJ.

6. MDC has a detailed grievance procedure, which was available to Plaintiff as of April 7, 2016. *Doc. 38* at 15; *doc. 37-32*, Ex. DD.

7. On November 1, 2017, the date of filing this lawsuit, Plaintiff was an inmate at MDC. *Doc. 38* at 14; *doc. 37-41*, Ex. MM. She was incarcerated from August 1, 2017 to February 2, 2018. *Id*.

IV. ANALYSIS

A. Plaintiff has failed to exhaust her administrative remedies under the PLRA.

The Prison Litigation Reform Act ("PLRA") "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Brock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C § 1997e(a)). Defendants assert that Plaintiff has failed to meet this exhaustion requirement because (1) she was incarcerated at the time of filing, and (2) at no point did she submit a formal grievance regarding the incident that is the basis of this suit. *See doc. 38* at 3, 14.

The exhaustion provision of the PLRA reads as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

6

other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, it does not apply to former prisoners who file suit after their release. *Norton v. City of Marietta*, 432 F.3d 1145, 1150–51 (10th Cir. 2005). "[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." *Id*. at 1150 (citations omitted). The Court is without "discretion to dispense with administrative exhaustion" where the PLRA requires it. *Booth v. Churner*, 532 U.S. 731, 739 (2001).

There can be no doubt that Plaintiff was a "prisoner" within the meaning of the PLRA at the time she filed her Complaint (*doc. 1*) on November 1, 2017. As defined by the statute:

> [T]he term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. § 1997e(h). A plaintiff's incarceration status "at the time he files suit" determines whether he is considered a "prisoner" for purposes of the PLRA. *Norton*, 432 F.3d at 1150. It is undisputed that Plaintiff was detained at MDC from August 1, 2017 to February 2, 2018, *see doc. 37-41*, Ex. MM; *doc. 37* at 12, and that she initiated this

suit on November 1, 2017, *see doc. 1*. She, was, therefore, a "prisoner." It is also undisputed that Plaintiff filed no grievances with MDC relating to the April 7, 2016 incident, and therefore did not exhaust her administrative remedies. *See doc. 38* at 14; *doc. 37-38*, Ex. JJ. Finally, Plaintiff's suit clearly relates to prison conditions, bringing it within the ambit of the PLRA. *See doc. 1*.

Plaintiff's situation, however, is complicated by the fact that she did not file the instant lawsuit during the same incarceration as the one in which the alleged violation took place. Rather, she was at some point released and then was reincarcerated on August 1, 2017. *Doc. 37-41*, Ex. MM. Upon a review of the existing case law, the undersigned agrees that "the federal courts that have addressed this precise situation have concluded the PLRA's exhaustion of administrative remedies requirement applies when a plaintiff prisoner is released from incarceration but later re-incarcerated and remains incarcerated at the time the lawsuit is filed." *Jewkes v. Shackleton*, 2012 WL 3028054, at *5 (D. Colo. Jul. 23, 2012) (unpublished) (citations omitted).

The Second Circuit Court of Appeals, in addressing this exact question, concluded:

> The fact that [the plaintiff's] two reincarcerations were for offenses different from the one for which he was confined when his grievances arose does not excuse failure to exhaust. As long as he was within the custody of the agency against which he had grievances…he was required to use available grievance procedures.

*Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). Accordingly, the suit was dismissed because the plaintiff had failed to exhaust all available administrative remedies. *Id*. The Third Circuit has also addressed this issue in a non-precedential opinion and reached the same result. *George v. Chronister*, 319 F. App'x 134, 136–37 (3d Cir. 2009) (unpublished) (PLRA exhaustion requirement applied to a plaintiff who filed his civil rights complaint during a subsequent incarceration in a different facility). Lower courts in various jurisdictions have followed suit, reasoning that the plain language of the PLRA mandates this result. *See Gibson v. Brooks*, 335 F. Supp. 2d 325, 330 (D. Conn. 2004) ("both a literal reading of section 1997e(a) and the statute's legislative history support [this] conclusion"); *Jewkes*, 2012 WL 3028054, at *5 ("the plain language of § 1997(e) states that the PLRA applies to 'a prisoner confined in any jail, prison, or other correction facility' and makes no exceptions"); *Halaka v. Park*, 2014 WL 2457395, at *3 (W.D. Pa. May 29, 2014) (unpublished) ("a strict literal interpretation of § 1997e(a)" requires this result); *Branham v. Bryant*, 2013 WL 1194843, at *9 (D.S.C. Mar. 22, 2013) (unpublished) (citing *Berry*, 366 F.3d at 87) ("To adopt [plaintiff's] proposed exception to the plain language of § 1997(e) would, in effect, be to rewrite the statute."); *Duvall v. Dallas County*, 2006 WL 3487024, at *3 (N.D. Tex. Dec. 1, 2006) (unpublished) (reaching this conclusion "[b]ased on [the decisions in *Berry* and *Gibson*] and the plain language of the statute"); *Scott v. DelSignore*, 2005 WL 425473, at *6 (W.D.N.Y. Feb. 18, 2005) (unpublished). *Cf. Kessack v. Walla Walla County*, 2014 WL 7344016, at *4 (E.D. Wash.

Dec. 23, 2014) (unpublished) (distinguishing from *Gibson* on the grounds that plaintiff was subsequently incarcerated at a *different* county jail when he filed his lawsuit); *McCullough v. Yates*, 2011 WL 773233, at *3 (E.D. Cal. Feb. 28, 2011) (unpublished) (plaintiffs who file *between* periods of incarceration are not subject to the exhaustion requirement).

Because Plaintiff was a "prisoner" within the meaning of the PLRA at the time of filing,[1] and because she was incarcerated at the same institution where the relevant incident occurred, she must satisfy the PLRA exhaustion requirement. The fact that she failed to do so is both uncontroverted and supported by the record.[2] *See doc. 38* at 14; *doc. 37-38*, Ex. JJ.

Finally, prisoner plaintiffs are sometimes excused from the PLRA exhaustion requirement where grievance procedures were, for one reason or another, unavailable to them. *See, e.g.*, *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (plaintiff's failure to exhaust was excused where prison rendered exhaustion unavailable). That circumstance is not present in the case at bar. Inmates at MDC may file a grievance via

---

[1] Because the relevant timeframe is *at the time of filing the complaint*, it is irrelevant that Plaintiff has since been released. *See Norton*, 432 F.3d at 1150 ("[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies."); *West v. Ortiz*, 2007 WL 706924, at *6 (10th Cir. 2007) (unpublished) ("applicability of the PLRA's exhaustion requirement…requires the resolution of fact questions concerning [the plaintiff's] precise incarceration status when he mailed or filed the original complaint").

[2] Though this point has not been raised by Defendants, MDC's Grievance Procedures also require inmates to file grievances "within 10 days of the alleged incident or situation." *Doc. 37-32* at 3, Ex. DD. Plaintiff undisputedly failed to file a grievance regarding the relevant incident within ten days.

computer kiosk, hotline, or paper. *Doc. 37-38* at 1, Ex. JJ. There has been no allegation that MDC's grievance procedures were unavailable to Plaintiff following April 7, 2016, and MDC's assertion to the contrary (*doc. 38* at 22) is uncontroverted. Consequently, Plaintiff was required to exhaust her administrative remedies by pursuing MDC grievance procedures, and her failure to do so mandates dismissal of her case under the PLRA.

> B. <u>Defendants are entitled to qualified immunity because Plaintiff has not shown that the rights at issue were clearly established.</u>

The Court previously determined that Plaintiff stated plausible claims of excessive force under the Eighth and Fourteenth Amendments against all remaining defendants. *See doc. 11* at 3. Defendants now argue that Plaintiff (1) cannot show that any constitutional rights were violated, and (2) cannot show that the rights at issue were "clearly established." *See doc. 38* at 2–3. For the reasons stated below, I agree with the second conclusion and therefore do not reach the first.

Government employees acting under color of state law are immune from suit unless their conduct violates "clearly established" federal law. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Qualified immunity is not, strictly speaking, a defense, but rather "an immunity from suit" intended to relieve state actors from the burden of unnecessary trial and discovery. *Id*. Accordingly, summary judgment motions in which defendants claim qualified immunity are "review[ed]…somewhat differently

than other summary judgment rulings." *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013) (internal quotation and citation omitted). Once a defendant asserts qualified immunity, the plaintiff has the burden of showing that (1) the defendant's actions "violated a constitutional or statutory right," and (2) the right was "clearly established at the time of the conduct at issue." *Id*. (internal quotation and citation omitted). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment." *Id*. (internal quotation and citation omitted). In analyzing a defendant's qualified immunity, the Court need not answer these two questions sequentially, and may use its "sound discretion" in determining which prong to address first. *Pearson*, 555 U.S. at 236.

Plaintiff's claims are federal constitutional ones, and all parties agree that defendants were government employees acting under color of law at the time of the April 7, 2016 incident. *See doc. 1* at 1 (Plaintiff checked "Yes" in response to question "was this defendant acting under color of state law?"); *doc. 38* at 2. Accordingly, Defendants are entitled to qualified immunity from suit unless they violated Plaintiff's clearly established constitutional rights. Because, in this case, the "clearly established" issue is easily resolved, I begin by analyzing the second prong. *See Pearson*, 555 U.S. at 236.

For a plaintiff to overcome qualified immunity, the allegedly violated right must be "sufficiently clear that every reasonable official would have understood that what he

12

is doing violates that right." *Redmond*, 882 F.3d 927, 935 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). The constitutional question must be "beyond debate," such that "all but the plainly incompetent or those who knowingly violate the law" are protected. *Id*. (quoting *Mullenix*, 136 S. Ct. at 308). Existing precedent must be "particularized to the facts of the case," but the facts need not be identical. *Bailey v. Indep. Sch. Dist. No. 69*, 896 F.3d 1176, 1184 (10th Cir. 2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). The ordinary rule is that a right is clearly established when there is a Supreme Court or Tenth Circuit opinion on point or the "clearly established weight of authority from other courts" supports the plaintiff's claim. *Redmond*, 882 F.3d at 935. However, the Tenth Circuit has recognized that "because excessive force jurisprudence requires an all-things-considered inquiry with 'careful attention to the facts and circumstances of each particular case' [internal citation omitted], there will almost never be a previously published opinion involving exactly the same circumstances." *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). All the same, officers must have been "on fair notice that the described conduct was unconstitutional." *Id*. at 4 (quoting *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006)).

It is the plaintiff who bears the "heavy two-part burden" of showing that her constitutional rights were violated, and that the rights at issue were clearly established. *Martinez v. Carr*, 479 F.3d 1292, 1294 (10th Cir. 2007) (citation omitted). Consequently,

13

"[t]he plaintiff bears the burden of citing to [the court] what [s]he thinks constitutes clearly established law." *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) (citation omitted). Although the court must still view the evidence in the light most favorable to the nonmoving party, the defendant is "entitled to qualified immunity" if the plaintiff fails to carry this burden. *Martinez*, 479 F.3d at 1295 (quoting *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001)).

Where the plaintiff insufficiently discusses the issue of whether the relevant rights were clearly established, or fails to cite legal authority to that effect, the defendant is entitled to qualified immunity. *Rojas v. Anderson*, 727 F.3d 1000, 1004 (10th Cir. 2013). In *Rojas*, the defendants were entitled to qualified immunity because the plaintiff did not discuss how their actions violated his constitutional rights or whether the right at issue was clearly established and did not provide "a single case citation to support such positions." *Id*. (citation omitted). Because the plaintiff failed to carry his burden, the "traditional summary judgment burden never shifted back to Defendants." *Id*. at 1005 (citation omitted). This was true despite the fact that, on the court's independent review of the record, "Plaintiff might well have been able to satisfy [the court] that Defendants' actions violated his clearly established rights." *Id*.; *see also Comprehensive Addiction Treatment Center, Inc. v. Leslea*, 552 F. App'x 812, 816 (10th Cir. 2014) (unpublished) (defendants were entitled to qualified immunity where the district court found that plaintiffs "[had] not cited any authority in which courts have found

that a plaintiff's constitutional right…was 'clearly established' in analogous factual situations"); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) (plaintiff failed to meet two-part burden where "[h]is response brief failed even to include the terms 'qualified immunity' or 'clearly established'"); *Gutierrez v. Cobos*, 2015 WL 13239103, at *18 (D.N.M. May 1, 2015) (unpublished) (granting summary judgment where "Plaintiffs' response fail[ed] to include any legal authority to show that…the right at issue was clearly established at the time").

In this case, Plaintiff has similarly failed to carry the "heavy two-part burden" necessary to overcome Defendants' qualified immunity. Indeed, she has fallen short to an even greater extent than the plaintiffs in the cited cases. There can be no question that she has neither discussed the issue of qualified immunity, nor cited any legal authority in support of her position. Plaintiff did not respond "as one does in ordinary summary judgment proceedings," *Smith*, 707 F.3d at 1161, which would itself have been insufficient; instead, she did not respond at all.

In light of Plaintiff's *pro se* status, any filed response to Defendants' Motion for Summary Judgment would have been evaluated by a more liberal standard. *See Garrett*, 425 F.3d at 840. However, Plaintiff has altogether failed to file a response within the allowed time limit. It is not the role of this Court to "construct[] arguments and search[] the record" on Plaintiff's behalf. *Id*. *See also Rojas*, 727 F.3d at 1005 (plaintiff "might well" have been able to satisfy the two-part burden, but granting summary judgment

was appropriate because he did not actually do so). I therefore find that Plaintiff has failed to carry her burden of showing that Defendants violated her clearly established constitutional rights. Because Defendants are entitled to qualified immunity, their Motion for Summary Judgment should be granted.

V. CONCLUSION

For the foregoing reasons, I find that Plaintiff has failed to exhaust her administrative remedies pursuant to the PLRA. In addition, Defendants are entitled to qualified immunity on all claims due to Plaintiff's failure to show a violation of her clearly established rights. I therefore RECOMMEND that the Court GRANT Defendants' Motion for Summary Judgment (*doc. 38*) and DISMISS all claims WITH PREJUDICE.[3]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[3] I recommend dismissal with prejudice because of Defendants' entitlement to qualified immunity. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213–14 (10th Cir. 2003) (although dismissal based on lack of exhaustion "should ordinarily be without prejudice" because it is a "temporary, curable, procedural flaw," the district court acted properly in dismissing the plaintiff's non-exhausted claim with prejudice because it failed on other grounds).